DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

YOSHIMA HOLMES,

       **Plaintiff,**       Civil Action

v.                No. 04-2315-KHV-DJW

UNITED PARCEL SERVICE, INC.,

       **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) Plaintiff's Motion to Modify Protective Order (doc. 68), in which Steven Jones and Doyle Clark have joined; and (2) Steven Jones and Doyle Clark's Motion to Intervene (doc. 80). For the reasons set forth below, the Court will grant the Motion to Intervene, but deny the Motion to Modify Protective Order.

### I.   Introduction and Background Information

Plaintiff filed this lawsuit on July 8, 2004, asserting claims for race, sex, and age discrimination, and for retaliation. Defendant United Parcel Service ("UPS") filed a motion seeking the entry of a Confidentiality and Protective Order. Plaintiff filed a cross-motion, seeking the entry of her own version of the Confidentiality and Protective Order. On February 16, 2005, the Court granted in part and denied in part each party's motion.[1] The Court then entered a Confidentiality and Protective Order ("Protective

---

[1]*See* Order (doc. 26).

Order").[2]

The Protective Order provides that documents which are designated "Confidential Material" pursuant to the Order "shall be used and disclosed solely for purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purpose, unless ordered by this court, or another court or any administrative agency having jurisdiction in this action."[3]

Approximately two months after the Protective Order was entered, Plaintiff voluntarily dismissed her lawsuit without prejudice.[4]  On May 16, 2005, Plaintiff filed the instant motion to modify the Protective Order.  The Court reopened the case for the limited purpose of considering the motion.[5]

In her motion, Plaintiff explains that her counsel, Thomas Buchanan and Linda McFee, represent Stephen Jones and Doyle Clark in an employment discrimination action filed against UPS ("Jones/Clark Lawsuit") in the Western District of Missouri.[6]  Plaintiff urges the Court to modify the Protective Order so that Plaintiff's counsel may use in the Jones/Clark Lawsuit any "Confidential Material" that is covered by the Protective Order.  Plaintiff states that any such material will be subject to the provisions of a protective order entered in the Jones/Clark Lawsuit.

Jones and Clark have filed a motion to intervene pursuant to Federal Rule of Civil Procedure

_____

[2]*See* Protective Order (doc. 27).

[3]*Id.*, ¶ 7.

[4]*See* Stipulation of Dismissal Without Prejudice of All Claims (doc. 67).

[5]*See* May 26, 2005 Order (doc. 71).

[6]*See* case captioned "Stephen E. Jones and Doyle Clark v. United Parcel Service," Case No. 03-2084-CV-S-GAF, filed in the Western District of Missouri.

2

24(b)(2) so that they may seek modification of the Protective Order for the same purpose stated in Plaintiff's motion. Jones and Clark contend that UPS has wrongfully withheld documents in the Jones/Clark Lawsuit, and that allowing their use in the Jones/Clark Lawsuit is necessary to insure justice is done. They urge the Court to modify the Protective Order to "allow the Court for the Western District of Missouri to decide whether certain documents obtained in this case are relevant and admissible in the . . . Jones/Clark action."[7] They contend that documents subject to the Stipulated Protective Order relate to matters of pretextual and discriminatory discipline of employees by UPS, which are also at issue in the Jones/Clark Lawsuit. Jones and Clark argue that allowing them to use these confidential materials in their action would serve the goal of judicial economy because they would not be forced to engage in repetitive discovery.

UPS opposes both the Motion to Intervene and the Motion to Modify the Protective Order. UPS states that the court in the Jones/Clark Lawsuit entered summary judgment in favor of UPS on April 7, 2005, and, thus, Jones and Clark are no longer conducting any discovery and are not able to introduce any new evidence into the record. In addition, UPS argues that none of the documents which Jones and Clark seek to obtain (except for Jeff Johnson's personnel file) were discoverable in the Jones/Clark Lawsuit. (UPS does state that it is willing to stipulate that the copy of Jeff Johnson's personnel file produced in this action may be used in the Jones/Clark Lawsuit, subject to the protective order entered in the Jones/Clark Lawsuit.)

In their reply in support of their Motion to Intervene, Jones and Clark clarify that they have appealed the entry of summary judgment to the Eighth Circuit Court of Appeals. In addition, they

---

[7]Jones and Clark's Mot. to Intervene (doc. 80) at p. 6.

emphasize that they are seeking to modify the Protective Order to "preserve evidence" for use in the event the Eighth Circuit reverses the entry of summary judgment and the case goes forward in the District Court. They represent that any confidential materials would be destroyed in the event the Eight Circuits affirms the District Court's entry of summary judgment.

## II.   Motion to Intervene

Jones and Clark seek to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(2), which governs permissive intervention.  Rule 24(b)(2) provides in pertinent part: "[U]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."[8]  When a litigant seeks permissive intervention solely for the purpose of obtaining access to discovery materials subject to a protective order, as in this case, "a particularly strong nexus of fact or law between the two suits is not necessary."[9]

Permissive intervention is a matter within the sound discretion of the district court, and the appellate court will not disturb the district court's order except upon a showing of clear abuse.[10]   In deciding a question of permissive intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[11]

Applying the above rules, the Court will allow permissive intervention for the limited purpose of

---

[8]Fed. R. Civ. P. 24(b)(2).

[9]*Cunningham v. Subaru of Am., Inc.*, 155 F.R.D. 205, 207 (D. Kan. 1994) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

[10]*United Nuclear*, 905 F.2d at 1427.

[11]Fed. R. Civ. P. 24(b)(2).

permitting Jones and Clark to seek modification of the Protective Order.  The Court finds that sufficiently common factual issues exist as to whether UPS committed discrimination with respect to Plaintiff in this case and Jones and Clark in their action.  Furthermore, the Court does not find that there is any issue as to the timeliness of the motion or that the proposed intervention will unduly delay or prejudice the parties in the instant action, since this case has been dismissed and only reopened for the limited purpose of deciding whether to modify the Protective Order.  As the Tenth Circuit has recognized, where the intervention is not on the merits, but for the sole purpose of challenging or modifying a protective order, timeliness and prejudice are generally not concerns, since the dispute between the parties has been settled or otherwise resolved and the intervention is merely for a collateral purpose.[12]

In light of the foregoing reasons, the Court finds that permissive intervention is proper.  The Court will therefore grant Jones and Clark's Motion to Intervene.

## III.    Motion to Modify the Protective Order

As a threshold matter, the Court notes that Plaintiff filed her Motion to Modify Protective Order on May 16, 2005, approximately one month before Jones and Clark moved to intervene.  Jones and Clark have not filed a separate motion to modify the Protective Order.  They have, however, filed a "Reply in Support of Motion to Modify Protective Order" (doc. 75).  The Court will construe that reply to be a pleading joining in Plaintiff's Motion to Modify (doc. 68).[13]

It is well settled that as long as a protective order remains in effect, the court which entered the

---

[12]*United Nuclear*, 905 F.2d at 1427.

[13]Hereinafter, Plaintiff, Jones, and Clark shall be referred to as "Movants."

5

order retains the power to modify it.[14]  This is true even if the underlying suit has been dismissed,[15] as is the case here.  The modification of a protective order, like its original entry, is left to the sound discretion of the court.[16]

In *United Nuclear Corporation v. Cranford Insurance Company,*[17] the Tenth Circuit upheld the modification of a protective order in a settled lawsuit where litigants in another, similar lawsuit sought to modify the protective order so that they could gain access to discovery materials without having to repeat discovery that had been conducted in the settled lawsuit.  In upholding the modification, the Tenth Circuit focused on two factors:  (1) the modification of the protective order would place the collateral litigants "in a position they would otherwise reach only after repetition of another's discovery"; and (2) the party opposing modification of the protective order would suffer no tangible prejudice to any substantial rights.[18]

This case presents a different situation.  Here, the collateral litigants, i.e., Jones and Clark, are no longer conducting discovery.  Summary judgment has been entered in their lawsuit, and the case is on appeal to the Eighth Circuit.  Thus, the consideration of saving time and effort by avoiding duplicative discovery in the collateral case is simply not present here.

Movants do not cite any case law, nor can the Court find any, where a court has modified a protective order to allow disclosure of protected documents to litigants in a collateral case where there is

---

[14]*United Nuclear,* 905 F.2d at 1427 (citing *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 782-82 (1st Cir. 1988); *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)).

[15]*United Nuclear,* 905 F.2d at 1427.

[16]*Id.*

[17]*Id.* at 1428.

[18]*Id.*

no ongoing discovery in the collateral case or where the collateral case is on appeal and the factual record is closed.

In short, the Court finds that the requested modification is not supported by any case law and that the requested modification would serve no legitimate purpose, at least based on the present circumstances. The Court will therefore deny the Motion to Modify Protective Order.  As the Court noted above, however, UPS has agreed to a modification of the Protective Order as it applies to Jeff Johnson's personnel file.  The Court will therefore allow the parties to modify the Protective Order in this one respect. Counsel for Movants and UPS are directed to confer and draft a proposed modification to the Protective Order.  Counsel shall submit to the Court a proposed modification within **twenty (20) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Steven Jones and Doyle Clark's Motion to Intervene (doc. 80) is granted, and they are allowed to intervene for the limited purpose of moving to modify the Protective Order entered in this case (doc. 27).

**IT IS FURTHER ORDERED** that the Motion to Modify Protective Order (doc. 68), which was filed by Plaintiff and joined in by Steven Jones and Doyle Clark, is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of February 2006.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

7